UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOBIAS GEMINIANO-MARTINEZ, | Case No. 2:13-cv-01702-MMD-GWF |
| Petitioner, | Consolidated with Case No. 2:13-cv-01704-MMD-GWF |
| v. | ORDER |
| RAND BEERS, Acting Secretary for the Department of Homeland Security; THOMAS E. FEELEY, Acting Field Director for ERO Salt Lake City, United States Immigration and Customs Enforcement, | |
| Respondents. | |

I.     **SUMMARY**

Before the Court is Petitioner Tobias Geminiano-Martinez's First Petition for Writ of Habeas Corpus ("Habeas Petition") (2:13-cv-01702 "Habeas Action," dkt. no. 1) and Petitioner's Emergency Motion for Writ of Prohibition and Stay of Deportation ("Emergency Motion") (2:13-cv-01704 "Emergency Action," dkt. no. 1). For the reasons stated below, the Habeas Petition is denied and the Emergency Motion is denied as moot.

Also before the Court is Respondents Rand Beers and Thomas E. Feeley's Motion to Seal Exhibit B in Support of Response to Minute Order ("Motion to Seal") (Habeas Action, dkt. no. 12), Petitioner's Motion to Quash Defendants' in camera submission ("Motion to Quash") (Emergency Action, dkt. no. 21) and Petitioner's Motion for Evidentiary Hearing (Emergency Action, dkt. no. 22). Respondents' Motion to Seal is

1  granted and Petitioner's Motion to Quash is denied. Petitioner's Motion for Evidentiary
2  Hearing is denied as moot.

3  II.    BACKGROUND

4        The following facts are outlined in the Emergency Motion. Petitioner was born in
5  Mexico and entered the United States without inspection in 1989. On July 29, 1993,
6  Petitioner was convicted of assault with a deadly weapon. After his release from
7  immigration detention, he was deported in absentia on April 21, 1994. Petitioner then
8  received employment authorization secured through political asylum. He missed his
9  asylum interview and was deported in absentia for a second time on October 28, 1998.

10       Petitioner's counsel managed to reopen these immigration cases by arguing that
11  Petitioner "never received notice as to the time and place of both court proceedings."
12  The cases were reopened and consolidated in Las Vegas. Petitioner then filed for
13  asylum once again. On September 16, 2002, his asylum application was denied by an
14  immigration judge and he was granted voluntary departure ("Immigration Judge Order").
15  The BIA and Ninth Circuit affirmed. On July 7, 2008, Plaintiff filed for U nonimmigrant
16  status ("U Visa"). Petitioner was subsequently arrested. He was then released on an
17  Order of Supervision because of the pending U Visa. Petitioner's U Visa was denied on
18  October 17, 2012, and Petitioner's administrative appeal was denied on June 10, 2013.

19       On September 18, 2013, Petitioner commenced two actions in this Court.
20  Petitioner initiated the instant action, Habeas Action, by filing the Habeas Petition.
21  (Habeas Action, dkt. no. 1.) Petitioner initiated the Emergency Action by filing the
22  Emergency Motion. (Emergency Action, dkt. no. 1.) In the Emergency Motion, Petitioner
23  states that the denial of his U Visa left him "vulnerable to be deported at any time" and
24  asks that the Court "order the [Department of Homeland Security ("DHS")] not to attempt
25  to deport the Petitioner while his petition for Habeas Corpus is pending." (Emergency
26  Action, dkt. no. 1 at 6, 8.) Respondents filed an opposition to the Emergency Motion
27  (Emergency Action, dkt. no. 12.) and Petitioner replied (Emergency Action, dkt. no. 20).
28  ///

The Court consolidated the Habeas Action and the Emergency Action. (Habeas Action, dkt. no. 9.)

On December 4, 2013, the Court held a hearing to determine whether it has jurisdiction to address the Habeas Petition and Emergency Motion.[1] (Habeas Action, dkt. no. 17.)

## III.    DISCUSSION

Federal courts are courts of limited jurisdiction. Accordingly, federal subject matter jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Subject matter jurisdiction concerns the power of the court to hear a particular case, thus it is a threshold issue that may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1). The court may *sua sponte* raise the issue of lack of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3). Even where neither party contests subject matter jurisdiction, courts are "bound to address it *sua sponte* if it is questionable." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (*citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir.1988)).

Here, Respondents argue that the Emergency Motion should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). (Emergency Action, dkt. no. 12 at 1.) "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (citation omitted). Petitioner argues that the Court has jurisdiction over the Habeas Petition and the Emergency Motion. The Court disagrees because the denial of Petitioner's U Visa was a discretionary decision not suited for habeas relief.

---

[1]Respondents sought to continue the hearing, contending that the Emergency Motion was rendered moot because the DHS had granted a stay of deportation until May 14, 2014. (Habeas Action, dkt. no. 15.) The Court denied Respondents' request and found it was appropriate to address whether it has jurisdiction. (Habeas Action, dkt. no. 16.)

**A.     Habeas Jurisdiction to Review Denial of a U Visa**

Petitioner sought a U Visa in order to be recognized as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(U). A petitioner for status may be considered a nonimmigrant under 8 U.S.C. § 1101(a)(15)(U) where the Secretary of Homeland Security determines that: (1) "the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity described in [8 U.S.C. § 1101(a)(15)(U)(iii) (referred to as "clause (iii)")]"; (2) "the alien . . . possesses information concerning criminal activity described in clause (iii)"; (3) "the alien . . . has been helpful . . . to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting criminal activity described in clause (iii)"; and (4) "the criminal activity described in clause (iii) violated the laws of the United States . . . ." One of the crimes listed in "clause (iii)" is "witness tampering." 8 U.S.C. § 1101(a)(15)(U)(iii).

The DHS' Immigration Regulations set out the specific petitioning procedures for a U Visa. *See* 8 C.F.R. § 24.14(c) ("Application procedures for U nonimmigrant status"). The regulations state that U.S. Citizenship and Immigration Services ("USCIS")[2] has "sole jurisdiction over all petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1). The regulations also explain that "USCIS will determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence . . . ." 8 C.F.R. § 214.14(c)(4) ("Evidentiary standards and burdens of proof"). Thus, U Visas are "committed to USCIS' discretion by law" and "the applicable statutes do not mandate a particular outcome or confer any established or protected interest in the grant of a 'U' visa[.]" *See Catholic Charities CYO v. Chertoff*, 622 F. Supp. 2d 865, 880 (N. D. Cal.

///

---

[2]The USCIS, originally called the Bureau of Citizenship and Immigration Services, is an agency of the DHS. *See Nijjar v. Holder*, 689 F.3d 1077, 1079, 1079 n.5 (9th Cir. 2012). It is one of various agencies within the DHS that "became responsible for the immigration functions previously administered by the [Immigration and Naturalization Service (INS)]" after the INS was dissolved and reorganized in 2003. *See id.* at 1078-79.

2008), *aff'd* 368 F. App'x. 750 (9th Cir. 2010). Petitioners may appeal a denial of a U

Visa to the USCIS Administrative Appeals Office ("AAO").  8 C.F.R. § 214.14(c)(5)(ii).

The USCIS exercised its discretion in weighing the evidence submitted by

Petitioner. In its denial of Petitioner's U Visa, the USCIS found that the "record does not

contain satisfactory evidence" that Petitioner meets the requirements for U nonimmigrant

status. (*See* Emergency Action, dkt. no. 1-19.) On appeal, the AAO referenced the

standards in 8 C.F.R. § 214.14(c)(4) and found that Petitioner did not meet his

evidentiary burden of proving eligibility for U nonimmigrant status. (*See* Emergency

Action, dkt. no. 1-15.)

The Habeas Petition challenge, brought pursuant to 28 U.S.C. § 2241,[3] the

USCIS' discretionary weighing of the evidence in denying the U Visa. It asks the Court to

determine that "Petitioner provided evidence[] that substantiates a material fact or legal

question to establish that the Petitioner is eligible for 'U' nonimmigrant status" and that

denial of his U Visa was legal error. (Habeas Action, dkt. no. 1 at 8.)

The Court does not have jurisdiction to address the Habeas Petition because it

challenges an exercise of discretion by the USCIS. The Court is not aware of any federal

court that has exercised review over a USCIS decision to deny a U Visa. Instead, district

courts have declined to exercise review of a U Visa denial under the APA because it is

discretionary. *See Catholic Charities CYO*, 622 F. Supp. 2d at 880; *see also Mondragon

v. U.S.*, 839 F. Supp. 2d 827, 829 (W.D.N.C. 2012). The Ninth Circuit has declined

review of a U Visa denial on grounds that the USCIS has sole jurisdiction over U Visas.

*Eun Kyeong Seo v. Holder*, 358 F. App'x. 884 (9th Cir. 2009) (*citing Ramirez Sanchez v.

Mukasey*, 508 F.3d 1254, 1255–56 (9th Cir.2007)). Although those cases did not involve

a habeas petition, the Ninth Circuit recognized prior to the dissolution of the INS and

---

[3]Though the Habeas Petition does not specify its statutory basis, Petitioner's Reply in further support of the Emergency Motion states that "Petitioner initiated this action pursuant to" the habeas corpus provision of 28 U.S.C. § 2241. (Emergency Action, dkt. no. 20 at 1.)

before the USCIS adopted many of its functions, that "[h]abeas is available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner" but it "is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824 (9th Cir. 2002).

The controversy at the heart of the Habeas Petition in this case is that Petitioner believes that the evidence he presented to USCIS is sufficient to warrant a U Visa, and USCIS decided otherwise. Petitioner does not contend in the Habeas Petition that the discretionary process itself is constitutionally flawed or contrary to federal law. Nor does he claim that USCIS failed to exercise its discretion. The Habeas Petition simply seeks to "change the discretionary result" reached by USCIS. The Court does not have jurisdiction to review such a challenge and must therefore deny the Habeas Petition. *See Singh v. Ashcroft*, 351 F.3d 435, 440 (9th Cir. 2003). Consequently, the Emergency Motion is also denied as moot because it seeks a stay of removal pending resolution of the Habeas Petition. (*See* Emergency Action, dkt. no. 1 at 6, 8.)

The Court's decision is consistent with the fact that "review of discretionary determinations was not traditionally available in habeas proceedings." *Negrete v. Holder*, 567 F.3d 419, 422 (9th Cir. 2009) (*citing Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir.2007)); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 307 (2002) (noting the "strong tradition in habeas corpus law . . . that subjects the legally erroneous failure to exercise discretion, unlike a substantively unwise exercise of discretion, to inquiry on the writ") (internal quotation marks and citation omitted). The decision is also consistent with the immigration code itself, which contains a jurisdictional bar against review of decisions "the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii).

**B.    Remaining Motions**

After reviewing the Emergency Motion and Respondent's opposition, the Court asked the parties to provide additional information on Petitioner's status including copies

of "removal orders currently in effect." (Emergency Action, dkt. no. 14.) In response, Petitioner filed a statement regarding Petitioner's status and a copy of the April 9, 2004, BIA order affirming the Immigration Judge Order ("BIA Order"). (Emergency Action, dkt. nos. 18; 18-1.) Respondents filed a statement regarding Petitioner's status and two exhibits: (A) a warrant of removal; and (B) the Immigration Judge Order. (Habeas Action, dkt. no. 11.) Exhibit B, the Immigration Judge Order, was submitted to the Court *in camera*, (Emergency Action, dkt. no. 19), and Respondents moved to seal, (Habeas Action, dkt. no. 12). Petitioner filed the Motion to Quash in opposition to Respondents' submission of the Immigration Judge Order. (Emergency Action, dkt. no. 21.)

Petitioner's Motion to Quash asks that the Immigration Judge Order submitted by Respondents for *in camera* review be stricken because it is not a removal order "currently in effect" as the Court requested in its October 29, 2013, minute order. (Emergency Action, dkt. no. 21.) The Motion to Quash is denied. In ordering removal of Petitioner, the BIA Order refers to the Immigration Judge Order. Specifically, the BIA Order provided that, in the event of petitioner's failure to depart in thirty (30) days, petitioner "shall be deported as provided in the Immigration Judge's order." (Emergency Action, dkt. no. 18-1 at 2A.) The Immigration Judge Order is thus important to understanding the final order of removal currently in effect. Respondents' Motion to Seal is granted and Respondents may file the Immigration Judge Order as Exhibit B to their response to the Court's October 29, 2013, minute order under seal. As the Court does not have jurisdiction over this action, Petitioner's Motion for Evidentiary Hearing, which asks the Court to hear testimony about Petitioner's work with the police, is denied as moot.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

1    It is therefore ordered that Petitioner's First Petition for Writ of Habeas Corpus

2    (2:13-cv-01702, dkt. no. 1) is dismissed.

3    It is further ordered that Petitioner's Emergency Motion for Writ of Prohibition and

4    Stay of Deportation (2:13-cv-01704, dkt. no. 1) is denied as moot.

5    It is further ordered that Respondents' Motion to Seal Exhibit B in Support of

6    Response to Minute Order (2:13-cv-01702, dkt. no. 12) is granted.

7    It is further ordered that Petitioner's Motion to Quash Defendants' in camera

8    submission (2:13-cv-01704, dkt. no. 21) is denied.

9    It is further ordered that Petitioner's Motion for Evidentiary Hearing (2:13-cv-

10   01704, dkt. no. 22) is denied as moot.

11

12   ENTERED THIS 13th day of December 2013.

13

14

15   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28